## ARTHUR COPPING *v.* THE STATE.

1. PLEADING. —If a statute makes it penal to do this *or* that, mentioning several things disjunctively, an indictment or information may in a single count embrace all the prohibited acts; but in charging them, it must use the conjunction *and* instead of the disjunctive *or* employed in the statute.
2. SAME—DISTURBING RELIGIOUS WORSHIP. —The above rule is applicable to the article of the Code making it a penal offence to disturb a congregation assembled for religious worship, "by loud *or* vociferous talking *or* swearing, *or* by any other noise," etc.

APPEAL from the County Court of Bell. Tried below before the Hon. W. M. MINYARD, County Judge.

The opinion sufficiently states the case.

*Monteith & Furman*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant and another were prosecuted by affidavit and information, in the County Court, under the act of April 23, 1873, and charged with the offence of wilfully disturbing a congregation of persons assembled for religious worship, alleged to have been committed on August 9, 1878. On the trial, an exception was taken to a portion of the information which describes the offence. The exception was by the court overruled, proof admitted under it, and a charge given to the jury on the subject; all of which were duly excepted to on the trial and reserved by bills of exception. The questions presented in these several forms and at different stages of the trial all depend upon the correctness or otherwise of the ruling of the court on the defendant's exception to the information; and in order to see what the precise objection is, we set out so much of the charge in the information as is necessary for that purpose, italicising the precise words to which the exception applies:

"That heretofore, to wit, on the 9th day of August,

A. D. 1878, in the county and State aforesaid, one Arthur Copping and one Jack Slawson * * * did then and there wilfully disturb a congregation then and there assembled for religious worship and conducting themselves in a lawful manner; and the said Arthur Copping and Jack Slawson then and there, by loud talking and laughing, *and by other indecent and obscene noises,* did then and there disturb said congregation aforesaid."

Art. 284 of the Penal Code as amended by the act of April 23, 1873 (Gen. Laws 1873, p. 43), then in force, provides that "Any person who, by loud or vociferous talking or swearing, or by any other noise, wilfully disturbs any congregation assembled for religious worship, and conducting themselves in a lawful manner," etc. This statute, it will be seen, is in alternative clauses; one violation would be created, having the ingredient of wilfulness which applies to all, by disturbing by loud or vociferous talking, another by either loud or vociferous swearing, etc. In such a case the rule of pleading is thus laid down by Mr. Bishop, in his work on Statutory Crimes, sect. 383: If an indictment is to be drawn on a statute in alternate clauses, the pleader, as a general rule, to which there may be exceptions in consequence of a peculiar phraseology or a peculiar subject, may elect to charge no more than constitutes an offence within one clause, or he may proceed upon two clauses, or three, or all, as he deems best, and all in a single count, employing the conjunction *and* where the statute uses the disjunctive " or." But, though the conviction may be for the whole, it is all, when proceeded against in this way, regarded as only one offence, subjecting the offender to no more than one penalty. In like manner, the conviction may be for no more than what barely constitutes a crime. See also *Hart* v. *The State,* 2 Texas Ct. App. 39, and authorities there cited.

The pleader was at liberty to proceed upon any one or upon any number of the alternative clauses *disjunctively*

named in the statute, and in one count, and the joining of more than one in an indictment or information *conjunctively* in the pleading would not invalidate it; and *noises* being one of the alternative modes by which a disturbance could under the statute be created, and it being one of those averred in the information, in the expression excepted to, the information was sufficient to apprise the accused that he would be called on to meet the charge of disturbing the congregation by making *noises* among other ways; and by employing the expression *other indecent and obscene noises*, the accused was, perhaps unnecessarily, apprised of the character of *noises* he was accused of making.  We are of opinion there was no error either in overruling the defendant's exception to the information, or in admitting evidence on the subject or character of the *noises*, or in the charge to the jury on the same subject, of which the appellant can legally complain.

After carefully considering the other errors assigned, in the light of the record and the brief of the appellant, we find no such error as would warrant an interference with the verdict and judgment, and the judgment is affirmed.

*Affirmed.*